# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**SARAH DOTHARD**

    **Plaintiff,**

v.                                            **Case No. _____**

**DICKSON ELECTRIC SYSTEM;**
**DICKSON ELECTRIC DEPARTMENT; and**
**BARRY T. GOSSETT**

    **Defendants.**

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, by and through counsel, and for her Complaint against the Defendants states the following:

## PARTIES

1. Plaintiff Sarah Dothard states that she is a resident of Huntsville, Alabama.

2. Plaintiff further states that at all relevant times mentioned herein, Defendant Dickson Electric System is a public utility company with its primary business location located at 236 Cowan Road, Dickson, (Dickson County) Tennessee 37055. Defendant Dickson Electric System may be served with the Summons and copy of the Complaint in this matter by and through Darrell Gillespie, General Manager at said Defendant's business address located at 236 Cowan Road, Dickson, Tennessee 37055.

3. Plaintiff further states that Defendant Dickson Electric Department is a subsidiary of Defendant Dickson Electric System. Defendant Dickson Electric Department may be served with the Summons and copy of the Complaint in this matter by and through its General Manager,

Darrell Gillespie, at said Defendant's business address located at 236 Cowan Road, Dickson, Tennessee 37055.

4. Plaintiff further states that Defendant Barry Gossett at all relevant times mentioned herein was a resident of Hickman County, Tennessee, and was working in the course and scope of his employment with Defendants Dickson Electric System and Dickson Electric Department hereinafter referred to as "Defendants Dickson". Defendant Gossett was operating a 2020 Ram 550 commercial vehicle at the time of the collision at issue in this case on behalf of Defendants Dickson. Defendant Gossett may be served with the Summons and copy of the Complaint in this matter at 10765 Tidwell Road, Bon Aqua, TN 37025.

5. Plaintiff further states that at all relevant times mentioned herein, Defendants Dickson was the registered owner of the 2020 Ram 550 vehicle being operated by Defendant Gossett at the time of the collision, which is the subject of this cause of action and is therefore a proper party to this action by virtue of T.C.A. § 16-10-312.

## JURISDICTION AND VENUE

6. Plaintiff further states that this cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages sustained as a result of an automobile collision that occurred on March 3, 2023, at approximately 8:41 p.m. on Missionary Ridge Road, west of Spring Creek Road, in Hickman County, Tennessee.

7. That Section 1332 of Title 28 of the United States Code grants federal district courts original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

8. That subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332.

9. That venue for a trial on the merits in the United States District Court for the Middle District of Tennessee, is proper in part by virtue of 28 U.S.C. § 1391(b), and in the Nashville Division as Defendants Dickson are residents of Dickson County, TN.

## FACTUAL ALLEGATIONS

10. Plaintiff further states that at all relevant times mentioned herein, Plaintiff was operating her motor vehicle in a safe and prudent manner, in a generally eastbound direction on Missionary Ridge Road in Hickman County, Tennessee.

11. Plaintiff further states that as she rounded a curve in the road and on an incline, she unexpectedly encountered the 2020 Ram 550 vehicle owned by Defendants Dickson and being operated by Defendant Gossett, which was improperly parked facing in an eastbound direction in her lane of travel without any flag men or prior warning to Plaintiff, causing Plaintiff to collide with Defendant's improperly parked vehicle.

12. Plaintiff further states that at all relevant times mentioned herein, Defendant Gossett was operating and/or had parked the subject vehicle owned by Defendants Dickson, pursuant to his employment with Defendants Dickson and/or in the course and scope of his employment and/or agency of Defendants Dickson.

13. Plaintiff states that at all relevant times mentioned herein, Defendant Gossett failed to properly maintain his vehicle in the correct lane of travel and otherwise failed to properly warn Plaintiff of his vehicle located in the wrong lane of travel, which caused the collision with Plaintiff's vehicle.

14. Plaintiff further states that as a direct and proximate result of the collision, Plaintiff sustained serious injuries.

15. Plaintiff further states that at all relevant times mentioned herein in this Complaint, Defendant Gossett was the agent, servant, and/or employee of Defendants Dickson

16. Plaintiff further states that at all relevant times mentioned herein, Defendant Gossett was operating the aforementioned vehicle with the permission of Defendants Dickson and/or while acting within the course and scope of his agency, servitude, and/or employment with Defendants Dickson.

**DEFENDANTS' ACTIONS OF NEGLIGENCE AND STATUTORY VIOLATIONS**

17. Plaintiff restates the allegations above as if same were fully rewritten.

18. Plaintiff further states that Defendant Gossett was guilty of the following acts of common law negligence, in that he failed to:

   a. Maintain his vehicle in a single lane of travel;

   b. See and take proper action on the roadway thereto;

   c. Failed to warn and exercise due care for oncoming traffic; and

   d. Exercise due care, by failing to yield the right-of-way.

19. Plaintiff further states that Defendant Gossett's negligence in violating the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision, constitute negligence per se:

   a. T.C.A. § 55-8-136; drivers to exercise due care;

   b. T.C.A. § 55-8-123; failure to maintain his vehicle in a single lane of traffic; and

   c. T.C.A. § 55-8-149; failure to yield the right-of-way.

20. Plaintiff further states that Defendant Gossett was the agent, servant, and/or employee of Defendants Dickson and that he was acting within the course and scope of his agency, servitude, and/or employment at the time of the collision, which is the subject of this action.

Defendants Dickson is vicariously liable for the negligence of Defendant Gossett and the Plaintiff's injuries and damages as alleged herein.

21. Plaintiff further states that Defendants Dickson has the negligence of Defendant Gossett imputed to it as the employer of Gossett, who was operating the vehicle being driven at the time of the subject collision.

22. Plaintiff further states that Defendants Dickson is subject to prima facia evidence of ownership pursuant to T.C.A. § 55-10-311.

23. Plaintiff further states that Defendants Dickson was further negligent in this case by failing to properly train Defendant Gossett concerning the improper parking of a utility vehicle in the wrong lane of travel and by failing to properly warn oncoming traffic through the use of flag men and/or cones, or otherwise provide sufficient warning to the traveling public.

## CAUSATION

24. Plaintiff further states that Defendants owed a duty of safe, careful, and lawful driving and operation to Plaintiff, but breached that duty and were negligent on the date of the collision. The negligence of the Defendants as set forth above, directly and proximately caused the collision and resulted in injuries to Plaintiff and the damages and losses that Plaintiff has sustained.

25. Plaintiff further states that as a direct and proximate result and the negligence of the Defendants herein, the Plaintiff suffered serious, disabling, painful, and permanent bodily injuries, causing the Plaintiff to become liable for medical and other expenses and to suffer bodily impairment.

## INJURIES AND DAMAGES

26. As a direct and proximate result of the Defendants' negligence, Plaintiff alleges that she is entitled to damages, including but not limited to, the following specific items of damages:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Health care expenses, both past and future;

    d. Loss of enjoyment of life;

    e. Permanent impairment and partial disability;

    f. Lost wages in the past and a future impairment of ability to earn income;

    g. Costs of this cause; and

    h. All other general damages and other relief allowed under the laws of the State of Tennessee to which the Plaintiff may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sarah Dothard prays for the following relief:

    a. For process to issue and be served upon Defendants requiring Defendants to answer the allegations herein;

    b. For a jury to be impaneled to try this cause;

    c. For a judgment in favor of Plaintiff Sarah Dothard against Defendants for compensatory damages in an amount to be determined by the jury, but not to exceed Three Million Dollars ($3,000,000.00).

    d. For costs of this action, to be taxed to the Defendants; and

    e. For any such other relief as the Court deems just and proper.

Respectfully submitted this 13th day of February, 2024.

/s/ D. Joe Griffith
D. JOE GRIFFITH BPR#38878
Hughes & Coleman, PLLC
1256 Campbell Lane, Suite 201
P. O. Box 10120
Bowling Green, KY 42102
(270) 782-6003 Ext. 272
FAX (270) 843-0446
jgriffith@hughesandcoleman.com
*Counsel for Plaintiff*